**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LANCE MCCULLOUGH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-2512 |
| | § | |
| AARON'S, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Lance McCullough worked at an Aaron's, Inc. store as a Product Technician. Aaron's disciplined and then fired him. He alleges that Aaron's discriminated on the basis of his race or color and retaliated for complaining about a racial slur. Aaron's has moved for summary judgment on both the discrimination and retaliation claims. (Docket Entry No. 17). McCullough responded, and Aaron's replied. (Docket Entry Nos. 18, 21). Based on the pleadings; the motion, response, and reply; the record; and the relevant law, the court grants Aaron's motion for summary judgment. Final judgment dismissing this action with prejudice is entered by separate order.

The reasons for this ruling are explained below.

**I.      Background**

Lance McCullough was hired as a Product Technician at the Aaron's, Inc. store C0068 in College Station, Texas, in October 2015. (Docket Entry No. 17 at 11). Aaron's asserts that McCullough had difficulty performing his job responsibilities and had several behavioral issues. (*Id*. at 12–13). On one occasion, Brian Perez, the most senior Product Technician at Aaron's, reported to Michael Cook, the store's general manager, that McCullough was difficult to work with and train. (*Id*. at 13). Cook discussed the situation with McCullough. (*Id*.).

On November 25, 2015, McCullough had a disagreement with Chris Gray, another Product

1

Technician. (*Id*. at 14; Docket Entry No. 1 at ¶ 7). McCullough asserts that during this exchange, Gray directed a racial slur at him. (Docket Entry No. 1 at ¶ 7). McCullough is African-American. (*Id*. at ¶ 8). Aaron's denies that Gray used a racial slur. (Docket Entry No. 17 at 11). McCullough told Cook about what Gray had allegedly said and reported the incident to the Aaron's employee hotline. (*Id*. at 15; Docket Entry No. 1 at ¶ 7). Cook sent McCullough home for the day after McCullough submitted a written statement about his complaint. (Docket Entry No. 17 at 15). Cook asserts that he had already decided to send McCullough home before he complained about Gray. (*Id*. at 16). McCullough disputes this and argues that there is a causal link between the complaint he made, Cook sending him home for the day, and his subsequent termination. (Docket Entry No. 18 at 20).

Cook recommended to Roger Hooker, Aaron's regional manager, that McCullough be terminated. (Docket Entry No. 17 at 16). After an investigation into McCullough's complaint against Gray concluded that no racial slur had been used, McCullough was fired. (*Id*. at 16–17).

In January 2016, McCullough filed a Charge of Discrimination with the Equal Employment Opportunity Commission, alleging discrimination on the basis of race or color and retaliation. (*Id*. at 18). After receiving a Dismissal and Notice of Rights, McCullough timely sued, asserting discrimination and retaliation claims under Title VII and the Texas Commission on Human Rights Act (TCHRA). (*Id*.). Discovery and this motion followed.

## II.     The Summary Judgment Standard

"Summary judgment is required when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting FED. R. CIV. P. 56(a)). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)

(quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Id.* (quoting *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Nola Spice*, 783 F.3d at 536 (internal quotation marks and citation omitted); *see also Celotex*, 477 U.S. at 325. Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, the movant does not need to negate the elements of the nonmovant's case. *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (citation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

"Once the moving party [meets its initial burden], the non-moving party must 'go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Nola Spice*, 783 F.3d at 536 (quoting *LHC Grp.*, 773 F.3d at 694). The nonmovant must identify specific evidence in the record and explain how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical

doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008); *see also Nola Spice*, 783 F.3d at 536. Nevertheless, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . consider the fact undisputed for purposes of the motion." FED. R. CIV. P. 56(e)(2).

## III. Analysis

### A. The Discrimination Claim

Under Title VII, it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin . . ." 42 U.S.C. § 2000e-2(a)(1). "Disparate treatment claims under Title VII, § 1981, and the TCHRA require a plaintiff to prove intentional discrimination and are considered under the same standard." *Lister v. Nat'l Oilwell Varco, L.P.*, No. Civ. A. H-11-01, 2013 WL 5515196, at *17 (S.D. Tex. Sept. 30, 2013) (citations omitted). "Intentional discrimination can be established through either direct or circumstantial evidence." *Id.* (citing *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001)).

McCullough first argues that Gray's alleged remark is direct evidence of discrimination. (Docket Entry No. 18 at 17–18). Direct evidence of discrimination is "evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *Rodriguez v. Eli Lilly & Co.*, 820 F.3d 759, 765 (5th Cir. 2016) (quoting *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002)). To qualify as direct evidence, "workplace comments must be 1) related [to the

protected class of persons of which the plaintiff is a member]; 2) proximate in time to the terminations; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue." *Id*. at 764 (alterations in original) (internal quotation marks and citation omitted). "Comments that do not meet these criteria are considered 'stray remarks,' and standing alone, are insufficient to defeat summary judgment." *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 380 (5th Cir. 2010) (footnotes omitted).

Gray's remark was related to McCullough's protected class, and Aaron's does not dispute the temporal proximity of the remark to the termination. (*See* Docket Entry No. 17 at 22–23). However, Gray did not make the decision to terminate McCullough, nor did he have the authority to do so. (Docket Entry No. 18 at 18–19). The parties agree that Hooker, the regional manager, had the authority and used it to fire McCullough. (*Id*. at 17–18; Docket Entry No. 18-5 at 4).

McCullough argues that Gray influenced the decision because his statement was part of the evidence Hooker considered when making the termination decision. (Docket Entry No. 18 at 17–18). But the evidence shows that Gray was not principally responsible for firing McCullough. *See Sandstad*, 309 F.3d at 899 ("Oral statements constitute evidence of discrimination if they indicate . . . animus and the speaker is principally responsible for the plaintiff's firing."). Even assuming that Hooker considered Gray's statement when making the decision to terminate, the statement was only one of nine taken by the Associate Resources Representative who investigated McCullough's complaint. (Docket Entry No. 17-3 at 3). Hooker made the ultimate decision and had the principal—indeed the only—responsibility for it. (*See* Docket Entry No. 18-5 at 4). Because Gray was not principally responsible for deciding to terminate McCullough, his remark fails to meet the third element of the direct evidence test.

Additionally, Gray's remark was not related to the employment decision. Even if the remark indicates discriminatory animus, "an inference is required to supply the causal link between these

5

statements and the decision to terminate . . . employment." *Ibrahim v. City of Houston, Tex.*, No. CIV.A. H-07-4329, 2009 WL 1011193, at *21 (S.D. Tex. Apr. 15, 2009). The remark also fails to meet the fourth element of the test for direct evidence.

Viewed in the light most favorable to McCullough, Gray's alleged remark is not direct evidence of discrimination. Because this is the only direct evidence McCullough identifies, standing alone, it is insufficient to defeat summary judgment. *See Jackson*, 602 F.3d at 380.

McCullough argues that the remark is circumstantial evidence of discrimination. (Docket Entry No. 18 at 18). When a plaintiff uses indirect or circumstantial evidence to prove discrimination, the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies. "Under *McDonnell Douglas*, a plaintiff must first demonstrate a prima facie case." *Kelly v. Costco Wholesale Corp.*, 632 F. App'x 779, 782 (5th Cir. 2015) (citing *McDonnell Douglas*, 411 U.S. at 802). Once a plaintiff has established a *prima facie* case of discrimination, the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason for the employee's [termination]." *Id.* (quoting *McDonnell Douglas*, 411 U.S. at 802); *see also Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142 (2000) ("This burden is one of production, not persuasion . . ."). "If the employer is able to state a legitimate rationale for its employment action, the inference of discrimination disappears and the plaintiff must present evidence that the employer's proffered reason was mere pretext for racial discrimination." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 317 (5th Cir. 2004) (citations omitted).

The elements of a *prima facie* showing of discrimination are that the plaintiff: (1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was treated more harshly than others who were similarly situated. *Harper v. Fort Bend Indep. Sch. Dist.*, No. CV H-16-1678, 2017 WL 1881971, at *5 (S.D. Tex. May 9, 2017) (citing *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001)).

Aaron's does not dispute that McCullough has met the first three elements for a *prima facie* showing of race or color discrimination. (*See* Docket Entry No. 17 at 22). The issue is whether McCullough has met the fourth element of a *prima facie* case by demonstrating that he was treated more harshly than others who were similarly situated. To do so, a plaintiff must demonstrate that the employment actions of the plaintiff and a comparator were taken "under nearly identical circumstances." *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) (footnote omitted). Employment actions are taken under nearly identical circumstances when the employees being compared (1) had the same job or responsibilities; (2) shared the same supervisor, or had their employment status determined by the same person; and (3) have comparable violation histories. *Id*. (footnotes omitted). "[T]he plaintiff's conduct that drew the adverse employment decision must have been nearly identical to that of the proffered comparator who allegedly drew dissimilar employment decisions." *Id*. (internal quotation marks and footnote omitted).

Although Gray and McCullough were both Product Technicians, shared the same responsibilities, and shared the same supervisor, McCullough provides no evidence that Gray had a comparable violation history. (Docket Entry No. 18 at 18–19). McCullough was verbally counseled by Cook, the general manager, on two occasions for his bad workplace behavior. (Docket Entry 17 at 13; 15). The record shows no evidence that Gray had been similarly counseled or had similar behavioral issues. (Docket Entry No. 21 at 14). McCullough has not raised a factual dispute material to deciding whether he was treated differently from a similarly situated employee.

Because McCullough has not met the fourth element for a *prima facie* showing of race or color discrimination, he has failed to meet his burden under *McDonnell Douglas*. Summary judgment on the discrimination claim could be granted on that basis alone. But even if McCullough had successfully made a *prima facie* discrimination showing, he has also failed to raise a factual dispute as to whether Aaron's reasons for termination were pretextual.

7

"A plaintiff may show that the employer's proffered reasons are pretextual 'either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence.'" *Lister*, 2013 WL 515196, at \*17 (quoting *Smith v. Sw. Bell Tel. Co.*, 456 F. App'x 489, 492 (5th Cir. 2012)). "Evidence is substantial if it is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." *Laxton v. Gap Inc.*, 333 F.3d 572, 579 (5th Cir. 2003) (internal quotations marks and citation omitted). "An employee seeking to show pretext must rebut each discrete reason proffered by the employer." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 233 (5th Cir. 2015).

Aaron's met its burden of articulating a legitimate reason for the termination – McCullough's poor performance and workplace behavior. (Docket Entry No. 18 at 21–22). McCullough argues that Aaron's has provided "inconsistent, shifting explanations," and that there is inadequate documentation of any disciplinary actions. (*Id*. at 22). But McCullough does not dispute that he was verbally counseled; he instead points out that there is no written documentation of that counseling. (*Id*. at 22–24). Hooker testified in his deposition that Aaron's disciplinary process makes face-to-face oral counseling the typical first response to a disciplinary issue. (*Id*. at 22–23). The lack of a documented prior counseling does not create a factual dispute as to whether Aaron's reasons for termination were pretextual.

McCullough "does not present or point to any summary judgment evidence creating a genuine factual dispute material to deciding whether these reasons are pretextual." *Matthews v. Brennan*, No. CV H-14-1825, 2017 WL 1956732, at \*9 (S.D. Tex. May 11, 2017). "Conclusory statements, unsubstantiated assertions, and speculation are not substitutes for specific facts showing that a genuine issue of material fact exists." *Id*. (quoting *Quiros v. Wal-Mart Stores, Inc.*, No. 5:12-CV-177-C, 2014 WL 12531507, at \*2 (N.D. Tex. Jan. 6, 2014)). McCullough's pretext arguments against summary judgment on this ground also fail.

**B.     The Retaliation Claim**

The *McDonnell Douglas* burden-shifting framework also applies to retaliation claims.  *See, e.g.*, *Matthews*, 2017 WL 1956732, at \*4.  The elements of a *prima facie* showing of retaliation are: (1) the plaintiff engaged in an activity protected by Title VII; (2) the employer took an adverse employment action against the plaintiff; and (3) a causal link exists between the protected activity and the adverse employment action.  *Davis*, 383 F.3d at 319.  Retaliation claims require but-for causation, meaning that a plaintiff must show "proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."  *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013).  Evidence that retaliation is merely a motivating factor for an adverse employment action is insufficient to meet the but-for causation requirement.  *Chavez v. City of San Antonio*, 657 F. App'x 246, 248 (5th Cir. 2016).

The first two elements are not in dispute.  (*See* Docket Entry No. 17 at 28–29).  McCullough argues that Hooker admitted that "had it not been for an investigation initiated by McCullough's complaint regarding the racial term, McCullough would have been brought back . . . ."  (Docket Entry No. 18 at 21).  Viewed in the light most favorable to McCullough, Cook's decision to send McCullough home and Hooker's deposition could be evidence that McCullough's allegedly groundless complaint was a motivating factor for the decision to terminate.  But this evidence is insufficient to create a factual dispute about whether retaliation was a but-for cause for McCullough's termination.

Cook testified that he intended to recommend firing McCullough before McCullough made his complaint and that he decided to send McCullough home "almost exclusively" based on McCullough's behavior.  (Docket Entry No. 17-1 at 21; 24).  Even if retaliation was a factor in Cook's decision to send McCullough home and recommend his termination, Aaron's has produced undisputed evidence that it would have taken those actions if McCullough had not filed a complaint.

The evidence indicates that Hooker based his decision to terminate on the statements and information provided by Associate Resources and on Cook's recommendation, which was primarily based on McCullough's behavior. (*See* Docket Entry No. 18-5 at 4–5; Docket Entry No. 17 at 29). McCullough's "subjective impressions, unsupported by record evidence supporting an inference that retaliation was the but-for cause . . . are not sufficient." *Matthews*, 2017 WL 1956732, at \*9.

Because McCullough has not met the third element for a *prima facie* retaliation showing, he has failed his burden under *McDonnell Douglas*. Summary judgment on the retaliation claim can be granted on that basis, but McCullough has also failed to demonstrate a factual dispute as to whether Aaron's reasons were pretext for retaliation.

McCullough argues that the investigation's alleged focus on his behavior rather than on Gray's remark is evidence of retaliation. (Docket Entry No. 18 at 24). But "a deficient investigation does not prove pretext for retaliation." *Medlock v. Ace Cash Exp., Inc.*, 589 F. App'x 707, 710 (5th Cir. 2014). The only evidence of pretext McCullough points to is Hooker's deposition testimony. (Docket Entry No. 18 at 22–23). For the reasons discussed above, this evidence is insufficient to create a genuine factual dispute about whether Aaron's reasons are pretextual.

Viewed in the light most favorable to McCullough, the evidence does not satisfy a *prima facie* showing or create a factual dispute as to whether Aaron's reasons for termination are pretext for retaliation. Summary judgment is granted as to this claim as well.

### C.     The Motion to Strike

McCullough moves to strike Exhibits  C-1 through C-9 of Aaron's motion for summary judgment arguing that these exhibits do not satisfy the evidentiary standards for proper summary judgment evidence. (*Id*. at 7–11). These exhibits are the nine written statements taken from employees during Associate Resource's investigation into McCullough's complaint. (Docket Entry No. 17-3 at 2–3). Hooker considered these nine statements in his decision to terminate McCullough,

and his characterization of the information in these statements is given in his deposition. (*See* Docket Entry No. 18-5 at 7). Hooker's reasons for deciding to terminate are the key. The fact that he relied on the statements is undisputed, and they are admissible as evidence of what he considered. And even if the court granted McCullough's motion to strike Aaron's exhibits, summary judgment would still be proper.

The motion to strike is denied.

## IV.  Conclusion

Aaron's motion for summary judgment, (Docket Entry No. 17), is granted. McCullough's motion to strike, (Docket Entry No. 18), is denied. Final judgment is separately entered.

SIGNED on June 20, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge